# IN THE UNITED STATED DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **BARRY COSTA,** | : |
| **Plaintiff,** | : |
| | : Case No. |
| v. | : |
| | : Judge |
| **DAYTON-PHOENIX GROUP, IUE-CWA, AFL-CIO LOCAL 755, and ANTIJUAN DAVIS,** | : |
| **Defendants.** | : |

## DEFENDANT DAYTON-PHOENIX GROUP INC.'S NOTICE OF REMOVAL

Defendant Dayton-Phoenix Group Inc. ("**Defendant DPG**"), pursuant to 28 U.S.C. § 1446, § 1441, § 1331, and § 1367 hereby gives notice of removal to this Court of an action commenced against it in the Court of Common Pleas, Montgomery County, Ohio. This action is being removed to federal court on the basis of federal question jurisdiction under 28 U.S.C. § 1331 and § 1367(a) with the consent of all Defendants.

**I. DEFENDANT DPG HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL**

1. On January 20, 2021, Plaintiff Barry Costa ("**Plaintiff**") filed a Complaint in the Court of Common Pleas, Montgomery County, Ohio, No. 2021 CV 00237, against Defendants DPG, IUE-CWA, AFL-CIO Local 755 ("**Defendant IUE-CWA**"), and Antijuan Davis ("**Defendant Davis**").

2. The Complaint was served on Defendant DPG on January 27, 2021. A copy of the Summons and Complaint is attached hereto as **Exhibit 1**.

3. The Complaint was served on Defendants IUE-CWA and Davis on January 27, 2021. A copy of the Summons is attached hereto as **Exhibit 2**.

4. Defendant DPG files this Notice of Removal within 30 days of January 27, 2021 in accordance with the procedural requirements under 28 U.S.C. § 1446(b).

5. Venue is proper in the United States District Court for the Southern District of Ohio, Western Division, because this district and division embrace the location in which the removed action has been pending and the location where Plaintiff resides, Darke County. *See* 28 U.S.C. § 1441(a); Exhibit A, Complaint, ¶ 1.

6. In accordance with the provisions of 28 U.S.C. § 1446(a), the following documents have been furnished to the Clerk:

- Civil Cover Sheet; and
- A copy of all process, pleadings, and orders served upon Defendant DPG. *See* Copy of All Process, Pleadings, and Orders, attached hereto as **Exhibit 3**.

7. In accordance with 28 U.S.C. § 1446(d), Defendant DPG is serving written notice upon Plaintiff and will promptly file a copy of this Notice of Removal with the Clerk for the Court of Common Pleas, Montgomery County, Ohio.

8. In accordance with 28 U.S.C. § 1446(b)(2)(A), all Defendants who have been properly joined and served consent to Defendant DPG's Notice of Removal, the consents to which are attached to this Notice of Removal. *See* **Exhibit 4**.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS FEDERAL QUESTION JURISDICTION

*This Court has federal question jurisdiction over all claims under the complete preemption doctrine.*

9. Removal is proper based on federal question jurisdiction, 28 U.S.C. § 1331, even though Plaintiff's Complaint styles some claims as arising under state law.

10. Initially, this Court has original jurisdiction over claims asserted under the Americans with Disabilities Act ("**ADA**"), 42 U.S.C. §§ 12101, *et seq*. and the Family and Medical Leave Act ("**FMLA**"), 29 U.S.C. §§ 2601, *et seq*.,[1] both federal statutes.

11. Federal question jurisdiction also exists over the state-law claims under the *complete preemption doctrine* per Section 301 of the Labor Management Relations Act of 1947 ("**LMRA**"), 29 U.S.C. § 185. Section 301 "both preempts certain state-law contract claims and also confers federal jurisdiction over those claims[.]" *Kitzmann v. Local 619-M Graphic Communs. Conference of the Int'l Bhd. of Teamsters*, 415 F. Appx. 714, 717 (6th Cir. 2011).

12. Although under the well-pleaded complaint rule, federal question jurisdiction generally exists only if the face of a properly-pleaded complaint presents a federal question, "an independent corollary to the well-pleaded complaint rule [] holds that in certain circumstances the preemptive force of a federal statute is so 'extraordinary' that it 'converts' a complaint alleging only state law claims 'into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *DeSantiago v. Laborers Int'l Union, Local No. 1140*, 914 F.2d 125, 127 (8th Cir. 1990) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *Adkins v. Gen. Motors Corp*., 946 F.2d 1201, 1207 (6th Cir. 1991).

13. Under the so-called complete preemption doctrine, "federal preemption is so complete that conflicting state law not only must yield but is effectively extinguished, the only theory of recovery remaining is the federal claim, which takes the place of the state law claim cited in the complaint." *Kitzmann*, 415 F. Appx. at 717.

---

[1] Although Count V is styled as a claim under the FMLA, the substance of the claim appears to be for retaliation under the ADA. Either way, it is a claim under federal law.

3

14. The Sixth Circuit, like others, has recognized that labor cases involving state law fall within the complete preemption doctrine. *See*, *e.g.*, *Banks v. Alexander*, 294 F. Appx. 221 (6th Cir. 2008) (affirming removal of state-law claims based on Section 301 preemption); *Paluda v. ThyssenKrupp Budd Co.*, 303 F. Appx. 305, 307 (6th Cir. 2008) (affirming removal of state-law age discrimination claim based on complete preemption under Section 301); *Klepsky v. UPS*, 489 F.3d 264, 270 (6th Cir. 2007) ("preemption exists under the LMRA, and [] removal based on federal jurisdiction was proper here"); *Schuver v. Midamerican Energy Co.*, 154 F.3d 795 (8th Cir. 1998) (affirming denial of motion to remand when defendant asserted federal question jurisdiction under Section 301); *Vera v. Saks & Co.*, 335 F.3d 109, 114 (2d Cir. 2003) (affirming removal because "'unusual pre-emptive power' accorded section 301 extends to create federal jurisdiction even when the plaintiff's complaint makes no reference to federal law and appears to plead an adequate state claim").

15. In fact, the complete preemption doctrine is "primarily" applied in claims preempted by Section 301. *Adkins*, 946 F.2d at 1207; *Banks*, 294 F. Appx. at 224 ("Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185, is one statute (among a few statutes) that has complete preemptive force.").

16. In the Complaint here, Plaintiff raises claims related solely to his employment. He specifically alleges that his alleged disability was not accommodated, he was retaliated against for complaining about not receiving a reasonable accommodation, and in the course of a discussion with his union steward, Defendant Davis, about his alleged medical condition, he was assaulted and defamed, and that his privacy was violated. *See* Exhibit A, Complaint, ¶¶ 4, 36-37.

17. During his employment with Defendant DPG, Plaintiff was at all times a member of a labor union, Defendant IUE-CWA, which represents him for the purposes of collective

4

bargaining. *See* Exhibit A, Complaint, ¶¶ 3, 12. Plaintiff's terms and conditions of employment, such as transfers, overtime hours, leaves of absence, his right to a discrimination and harassment-free workplace, representation by a union steward (referred to as a "Shop Chairman" in the CBA), and the requirement to undergo a medical examination are all governed by a collective bargaining agreement ("**CBA**") between Defendants DPG and IUE-CWA.

18. Plaintiff's state-law claims substantially implicate the meaning of the CBA and require interpretation of it. The CBA specifically requires medical examinations in certain situations, prohibits workplace discrimination and harassment, mandates overtime work based on seniority, and provides for union representation by the Shop Chairman, Defendant Davis.

19. The CBA also includes a comprehensive grievance and arbitration procedure to which Plaintiff has already availed himself. The CBA's grievance and arbitration procedure is Plaintiff's exclusive remedy for alleged breaches of the CBA. Plaintiff has also challenged the same conduct at issue in the Complaint by filing multiple unfair labor practice complaints with the National Labor Relations Board, all of which have been dismissed or withdrawn.

20. Thus, Plaintiff's state-law claims are completely preempted by Section 301, and federal question jurisdiction exists. *See*, *e.g.*, *Avco Corp. v. Aero Lodge No. 735, Int'l Ass'n of Machinists and Aerospace Workers*, 390 U.S. 557, 560 (1968) (upholding removal based on preemptive effect of Section 301).

### *This Court has federal question jurisdiction over the federal claims and supplemental jurisdiction over the state-law claims.*

21. In addition or in the alternative, this Court has supplemental jurisdiction over the state-law claims because they are "related to the claims in the action within such original jurisdiction" and therefore "form part of the same case or controversy." 28 U.S.C. § 1367(a).

22. "Claims form part of the same case or controversy when they derive from a common nucleus of operative facts." *Carmichael v. City of Cleveland*, 571 F. Appx. 426, 434 (6th Cir. 2014) (internal quotation and citation omitted) (finding supplemental jurisdiction proper where plaintiff's claims were all centered on an alleged failure to prevent a disappearance).

23. "District courts have broad discretion to exercise supplemental jurisdiction, and their decision depends on judicial economy, convenience, fairness, and comity." *Aldini v. Kroger Co.*, 628 F. Appx. 347, 352 (6th Cir. 2015) (internal citation and quotation omitted) (finding no abuse of discretion where state-law claims decided on the same facts as ADA claims).

24. At its core, this case regards Defendants DPG's and IUE-CWA's treatment of Plaintiff's alleged disability. Plaintiff's federal-law claims under the ADA and/or FMLA (Counts IV and V) are premised on their alleged failure to reasonably accommodate his medical condition, and related retaliation and harassment for requesting an accommodation or complaining about not receiving one. These are not only similar facts; they are the *same facts* on which Plaintiff bases his state-law discrimination claim under Ohio law.

25. The other state-law claims for defamation, emotional distress, assault, and invasion of privacy are also "related" to the ADA and/or FMLA claims. *See* 28 U.S.C. § 1367(a). The Complaint details the accommodation and interactive process that the parties have engaged in, including (1) Plaintiff's submission of doctor's notes and Defendant DPG's short-term approval and/or alleged rejection of those notes, (2) Defendant IUE-CWA's alleged confrontation of Plaintiff because it believed Plaintiff was "faking his medical condition," (3) Defendant DPG's investigation into the alleged assault of Plaintiff by the union steward that occurred during the alleged confrontation, (4) Plaintiff's request for and denial of a transfer to another position as a

reasonable accommodation, and (5) the alleged violation of Plaintiff's privacy by disclosing medical information.

26. Although there were various doctor's notes, discussions, and requests regarding the accommodation over a period of time, the "separate" events all derive from a common set of facts, namely Plaintiff's requests for, attempts to obtain, and outcomes regarding an accommodation based on his disability.

27. For instance, the reasonable accommodation analysis in this case—specifically regarding Plaintiff's request to transfer and/or not work overtime—directly implicates the CBA, which mandates overtime by seniority, meaning that Plaintiff had to involve the union. The union's decision whether to support Plaintiff, resulting in an alleged confrontation, is directly related to and arises from the reasonable accommodation process at the heart of this action and the ADA. The ADA also regulates a company's treatment of an employee's confidential medical records. *See* 29 C.F.R. § 1630.14.

28. Supplemental jurisdiction is permitted whereas here the state-law claims relate to the ADA and FMLA claims, which are within the Court's original jurisdiction. Thus, when an employee brought claims for defamation, intentional infliction of emotional distress, and breach of contract in conjunction with an ADA claim for an employer's alleged failure to accommodate, the Sixth Circuit has held that this Court properly exercised supplemental jurisdiction on all claims. *See Simpkins v. Specialty Envelope*, No. 95-3370, 1996 U.S. App. LEXIS 22327 (6th Cir. Aug. 9, 1996).

29. In summary, although perhaps artfully pled, the case or controversy here arises from a common set of facts: Plaintiff's requests for an accommodation and the process by which the company and union made those decisions. Exercise of supplemental jurisdiction will avoid

7

"multiplicity of litigation" and balance the interests of judicial economy against deciding state law issues. *Harper v. AutoAlliance Int'l, Inc*., 392 F.3d 195, 211 (6th Cir. 2004) (noting also that the court "may consider whether the plaintiff has used manipulative tactics to defeat removal and secure a state forum . . . If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case") (internal citations and quotations omitted).

### III.    NON-WAIVER BY DEFENDANT DPG

30.    The prerequisites for removal have been met. If any questions arise as to the propriety of the removal of this action, Defendant DPG requests the opportunity to present a brief, oral argument, and further evidence as necessary to support its position that this case is removable to this Court.

31.    By filing this Notice of Removal, Defendant DPG does not intend to waive, and hereby reserves, any objection as to service, personal jurisdiction, and all other defenses. It does not admit any allegations in the Complaint.

32.    **WHEREFORE**, Defendant Dayton-Phoenix Group Inc., Defendant IUE-CWA, AFL-CIO Local 755, and Defendant Antijuan Davis unanimously consent to remove this case to the United States District Court for the Southern District of Ohio, Western Division, being the District and Division for the county in which this action is pending, and respectfully request that the filing of this Notice of Removal in this Court and with the Court of Common Pleas, Montgomery County, Ohio, shall effect removal of this suit to this Court, and that no further proceedings be had in this case in the Court of Common Pleas, Montgomery County, Ohio.

This 24th day of February, 2021.

Respectfully submitted,

 s/ *Deborah S. Brenneman*
Deborah S. Brenneman (0062113)
THOMPSON HINE LLP
10050 Innovation Drive, Suite 400
Dayton, Ohio 45342
Telephone: (513) 352-6638
Facsimile: (937) 443-6635
Debbie.Brenneman@ThompsonHine.com

*Attorney for Defendant Dayton-Phoenix Group Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2021, I electronically filed the foregoing with the Court using the CM/ECF system. Notice of this filing will be sent to all parties via the Court's system. Parties may access this filing through the Court's system. I further certify that I served a copy of the foregoing via e-mail to the following:

Michael W. DeWitt
DeWitt Law, LLC
mdewitt@dewittlawco.com
4200 Regent Street
Columbus, OH 43219
*Attorney for Plaintiff Barry Costa*

Robert Holt
IUE-CWA, AFL-CIO
rholt@iue-cwa.org
2701 Dryden Road
Dayton, OH 45439
*Attorney for Defendants IUE-CWA, AFL-CIO Local 755 and Antijuan Davis*

                                                    /s/ *Deborah S. Brenneman*
                                                    Deborah S. Brenneman