UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

BARRY COSTA,

    Plaintiff,

vs.

DAYTON PHOENIX GROUP, INC., *et al.,*

    Defendants.

Case No. 3:21-cv-63

District Judge Michael J. Newman
Magistrate Judge Sharon L. Ovington

---

**ORDER: (1) DENYING DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM (DOC. NO. 13); (2) DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (DOC. NO. 14); AND (3) GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT BY OCTOBER 15, 2021.**

---

This case is before the Court on Defendants IUE-CWA, AFL-CIO's ("Union") and Antijuan Davis' ("Davis") Fed. R. Civ. 12(b)(6) motion to dismiss and Dayton-Phoenix Group, Inc.'s ("DPG") Fed. R. Civ. P. 12(c) motion for judgment on the pleadings. Docs. Nos. 13, 14. Plaintiff filed opposition memoranda and requested leave to amend. Doc. Nos. 17, 18. DPG replied. Doc. No. 19. These motions are now ripe for review.

**I.**

The Court assumes the veracity of the complaint's factual allegations under Fed. R. Civ. P. 12(b)(6). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007))). "The factual allegations in the complaint need to be sufficient to give notice to the

defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Anzevino v. DePasquale*, No. 4:08 CV 2492, 2009 WL 1662498, at *9–10 (N.D. Ohio June 15, 2009) (citing *Twombly*, 550 U.S. at 566).

Motions for judgment on the pleadings under Fed. R. of Civ. P. 12(c) are analyzed under the same standard as motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Roth v. Guzman*, 650 F.3d 603, 605 (6th Cir. 2011). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (quotation omitted). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* at 582–83 (quotation omitted).

The Court construes requests for leave to amend pleadings liberally and freely grants them unless outweighed by undue delay, bad faith, futility, or other overwhelming deficiencies. *Pedreira v. Ky. Baptist Homes for Child., Inc.*, 579 F.3d 722, 729 (6th Cir. 2009) (quoting *Schultz v. United States*, 529 F.3d 343, 349 (6th Cir. 2008)); Fed. R. Civ. P. 15(a)(2).

## II.

Having carefully and thoroughly considered the pleadings and briefing in support of, and in opposition to, Defendants' motions and Plaintiff's request for leave to amend his complaint, along with the procedural posture of this case, the efficient and appropriate way forward is to permit discovery to occur and consider the parties' arguments on summary judgment, not earlier at the motion-to-dismiss phase of litigation. *See, e.g., Paul Kaiser Found. Health Plan of Ohio*, 701 F.3d 514, 523 (6th Cir. 2012); *Schobert v. CSX Transp. Inc.*, 504 F. Supp. 3d 753, 782–83

(S.D. Ohio 2020). Proceeding in this manner will ensure that the Court reviews these arguments only after appropriate discovery has been completed and will guarantee that the Court's consideration of the parties' arguments is not premature. *See, e.g.*, *Mitchell v. Vanderbilt Univ.*, 389 F.3d 177, 181 (6th Cir. 2004); *Nw. Ohio Adm'rs, Inc. v. Walcher & Fox, Inc.*, 270 F.3d 1018, 1032 (6th Cir. 2001) (first quoting *Complete Auto Transit, Inc. v. Reis*, 451 U.S. 401, 417 (1981); and then quoting *Felice v. Sever*, 985 F.2d 1221, 1230 (3d Cir. 1993)); *Dalton v. Jefferson Smurfit Corp. (U.S.)*, 979 F. Supp. 1187, 1198–201 (S.D. Ohio 1997). To that end, the Court grants Plaintiff leave to amend his complaint. Fed. R. Civ. P. 15(a)(2); *see generally Roberts v. Autoalliance Int'l Inc.*, 996 F.2d 1216 (6th Cir. 1993).

### III.

Accordingly, Defendants' motion to dismiss and motion for judgment on the pleadings are **DENIED**. Plaintiff is **GRANTED** leave to file an amended complaint by **October 15, 2021**. The Court anticipates reviewing Defendants' arguments on summary judgment after the completion of discovery.

    **IT IS SO ORDERED.**

Date:  October 5, 2021                                    s/Michael J. Newman
                                                                         Hon. Michael J. Newman
                                                                         United States District Judge